| | |
|---|---|
| | Hon. Paul B. Snyder |
| | Chapter 7 |
| | Location: Tacoma |

# UNITED STATES BANKRUPTCY COURT
# WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| In re: | No. 10-50115 |
| LAURA BELL, | |
| Debtor. | |
| KATHRYN A. ELLIS, Trustee of the Estate of Laura Bell, | Adv. No. |
| Plaintiff, | COMPLAINT TO AVOID/RECOVER FRAUDULENT TRANSFERS |
| vs. | |
| LEGAL HELPERS DEBT RESOLUTION LLC, a Nevada Limited Liability Company doing business in the State of Washington, | |
| Defendant. | |

COMES NOW the Plaintiff, Kathryn A. Ellis, and states and alleges as follows:

**I. PARTIES AND JURISDICTION**

1. <u>Plaintiff</u>. Plaintiff is the duly appointed and acting Chapter 7 Trustee in the Chapter 7 Bankruptcy Petition of the debtor above named. The Trustee is authorized to bring this action pursuant to §§ 548, 550 and 551 of the Bankruptcy Code and does so solely in her capacity as Trustee for the estate of Laura Bell.

2. <u>Debtor.</u> The debtor filed the present Chapter 7 Bankruptcy Petition on December 9, 2010.

3. <u>Defendant</u>. Upon information and belief, the Defendant, Legal Helpers Debt

KATHRYN A. ELLIS, ESQ.
600 Stewart Street
Suite 1300
Seattle, WA 98101
(206) 682-5002

**COMPLAINT TO AVOID/RECOVER FRAUDULENT TRANSFERS - 1**

Resolution LLC ("Defendant"), is a Nevada Limited Liability Company doing business in the State of Washington.

4. This adversary proceeding is one arising in the Chapter 7 case of the above named debtor now pending in this Court. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157, 1334 and 11 U.S.C. §§ 548 and 550. This is a core proceeding under 28 U.S.C. § 157 (b)(2)(A), (E), (H) and/or (O).

## II. FIRST CAUSE OF ACTION
Fraudulent Transfer - 11 U.S.C. § 548

5. Between June 29th and October 28, 2010 the debtor transferred the sum or value of at least $3,941.42 to Defendant for debt consolidation services ("Transfers").

6. At the time of said Transfers, the debtor was insolvent or became insolvent as a result of the Transfers.

7. The Transfers were for the benefit of the Defendant and the debtor did not receive reasonably equivalent value in exchange for the Transfers.

8. The debtor made the Transfers with the actual intent to hinder, delay or defraud creditors to whom the debtor was indebted on or after the date of the Transfers.

9. The Transfers set forth in paragraph 5 are avoidable pursuant to 11 U.S.C. § 548 as stated therein as it was (a) made with actual intent to hinder, delay or defraud creditors to whom the debtors were indebted on or after the date of the Transfers; or, (b) the debtors received less than reasonable equivalent value in exchange for the Transfers, became insolvent or were insolvent at the time of the Transfers, leaving the debtor with an unreasonably low capital account or leaving the debtor unable to pay her debts as they matured.

10. The Transfers made to or for the benefit of the Defendant as set forth in paragraph

**COMPLAINT TO AVOID/RECOVER FRAUDULENT TRANSFERS - 2**

5 is avoidable by the Trustee pursuant to 11 U.S.C. § 548 (a)(1) and/or (a)(2).

## II. SECOND CAUSE OF ACTION
Violation of Consumer Protection Act

11. Plaintiff re-alleges and incorporates by reference each and every allegation set forth in Paragraphs 1 through 10 above, inclusive, as though fully set forth herein.

12 Defendant made false or misleading representations to the debtor, including but not limited to the representation that "if we do not reduce your debt by at least 35% of what you owe, we will refund your fees".

13. Defendant directly or indirectly employed a scheme, device, or artifice to mislead the debtor as to the services to be provided to the debtor, and/or otherwise engaged in unfair or deceptive practices towards the debtor.

14. Defendant's actions set forth above occurred in the conduct of trade or commerce, and Defendant claims that it operates in fifty states.

15. Defendant's conduct affects the public interest.

16. On information and belief, Defendant have made similar false or misleading representation to other debtors.

17. The debtor's suffered injury by a loss of all of the fees forfeited to Defendant.

18. Accordingly, Defendant is liable to Plaintiff for damages in amounts to be proven at trial, including attorney fees, costs, punitive damages and treble damages as provided under RCW 19.86.090.

WHEREFORE, the Plaintiff prays for relief, as it may be amended from time to time, as follows:

a) For Judgment against the Defendant in the amount of $3,941.42;

**COMPLAINT TO AVOID/RECOVER FRAUDULENT TRANSFERS - 3**

KATHRYN A. ELLIS, ESQ.
600 Stewart Street
Suite 1300
Seattle, WA 98101
(206) 682-5002

b) For treble damages as provide for by the Washington State Consumer Protection Act, RCW 19.86 *et seq*;

c) For costs, including attorney fees and prejudgment interest from the date of first demand, January 14, 2011, as provided for by RCW 19.86 *et seq*, 15 U.S.C. § 1631 *et seq* and 12 U.S.C. § 2601 *et seq*;

d) For such further relief as this Court deems just in the premises.

DATED this 3rd day of March, 2011.

      /s/ Kathryn A. Ellis
Kathryn A. Ellis, Plaintiff

C:\Shared\KAE\Dox\TRUSTEE\LBell\cmp\fraud_trans_fed_cmp.wpd

**COMPLAINT TO AVOID/RECOVER FRAUDULENT TRANSFERS - 4**